JOHNSON BEARD & TRUEB, PC
330 L STREET
ANCHORAGE, ALASKA 99501
PHONE (907) 277-0161
FAX (907) 277-0164

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN PIRAK,<br><br>                Plaintiff,<br><br>    v.<br><br>DANN MARINE TOWING, LC; and M/V ZEUS, LC,<br><br>                Defendants. | No. 21-597<br><br>**COMPLAINT FOR MARITIME PERSONAL INJURIES** |

**ACTION UNDER SPECIAL RULE FOR SEAMEN TO SUE WITHOUT SECURITY AND PREPAYMENT OF COSTS**
**(28 U.S.C. §1916)**

Plaintiff John Pirak, through counsel Johnson Beard & Trueb, PC, alleges the following causes of action against Defendants.

**JURISDICTION**

1. This is a case of admiralty and maritime jurisdiction as herein more fully appears. The negligence action against plaintiff's employer, defendant Dann Marine Towing, LC arises under §33 of the Merchant Marine Act of 1920, presently found at 46 U.S.C. § 30104 (Jones Act). The unseaworthiness claims against the vessel owner, defendant M/V ZEUS, LC arises under the general maritime law. This is an admiralty and maritime claim within the meaning

Complaint for Maritime Injuries
*Pirak v. Dann Marine Towing, LC et al*                                                           Page 1 of 5

of Fed. R. Civ. P. 9(h).  Plaintiff waives his right to a trial by jury and elects to try his action on the admiralty side of this Honorable Court.  Plaintiff notes, however, that his claims are brought subject to an agreement to arbitrate his claims; an agreement he does not contest herein.  However, plaintiff is still treating for his vessel injuries.  Because his claims are subject to the three year statute of limitations noted in 46 U.S.C. § 30106, he files the present action so as to avoid any timeliness and/or statute of limitations defense.  As noted below, plaintiff requests his claims noted herein be stayed pending settlement or an arbitration judgment.

2. Plaintiff, a seaman, was injured aboard a vessel while on navigable waters.

3. Defendant Dann Marine Towing, LC ("Dann Marine") is a Maryland State company doing business in various areas of the United States and Canada.

4. Defendant M/V Zeus, LC is a Maryland company doing business in various areas of the United States and Canada.

5. Plaintiff is a citizen of the United States of America; and at all times a resident of Ninilchik, Alaska.

6. During all times herein mentioned, defendant Dann Marine was plaintiff's employer.

7. During all times herein mentioned, M/V Zeus, LC was the owner and/or owner *pro hac vice* and/or operator and/or charterer and/or controller of the M/V ZEUS, O.N. 555761.

8. Plaintiff's injuries occurred on or about May 11, 2018 while aboard the M/V ZEUS while the vessel was in a Canadian port.  Per 46 U.S.C. § 30106, plaintiff's claims are timely filed.

9. On May 23, 2018, plaintiff and defendant Dann Marine entered into a post-injury agreement to arbitrate plaintiff's claims.  Defendant M/V Zeus, LC was not a party to the agreement.  Per the agreement, the Arbitration proceeding is to occur using J.A.M.S. at a

location convenient to Plaintiff.  The closest J.A.M.S office to plaintiff's place of residence and treatment is Seattle, Washington.  It is for this reason plaintiff files the present matter in this Court.

10.  As noted above, plaintiff files this action to preserve the statute of limitations. Plaintiff requests this matter be stayed until his claims are settled or upon the issuance of an arbitration judgment.

**NEGLIGENCE AND UNSEAWORTHINESS**

11.  Plaintiff hereby realleges and incorporates paragraphs 1-10.

12.  On or before May 11, 2018, plaintiff was engaged as a seaman by defendant Dann Marine to be employed aboard the tug ZEUS.

13.  On or before May 11, 2018, and while plaintiff was performing his duties aboard the M/V ZEUS, and as a direct and proximate result of the negligence of defendant Dann Marine and/or as the direct and proximate result of the unseaworthiness of the M/V ZEUS, plaintiff incurred severe injuries to his right shoulder, arm, hand and wrist, and other body parts, when, in furtherance of his duties, a part of the locking mechanism on the winch cable system broke and/or otherwise malfunctioned causing a handle on the system to spin and hit plaintiff.

14.  As a direct and proximate result of said negligence and/or unseaworthiness as herein alleged, plaintiff was caused to suffer injuries, inter alia, to his right shoulder, arm, hand and wrist, and other body parts, and suffered and may continue to suffer in the future, great amounts of physical pain with resultant physical disability, as well as emotional and mental injury.

15.  As a direct and proximate cause of the above-described injuries, plaintiff was prevented from, and may in the future be prevented from, completely pursuing his regular

occupation. In addition to the loss of income plaintiff has already suffered and will in the future suffer because of said injuries, plaintiff was prevented from, and he may in the future be prevented from, enjoying the enjoyments and pursuits of life. Plaintiff may in the future suffer disfigurement and disability. Plaintiff has further incurred, and may in the future incur, reasonable and necessary medical expenses, including but not limited to physician fees and medication costs, as well as life care costs, all to plaintiff's damage in a sum in excess of One Million Dollars ($1,000,000.00), to be proven more definitely at trial in this matter.

## CLAIMS FOR MAINTENANCE AND CURE

16. Plaintiff hereby realleges and incorporates Paragraphs 1-15.

17. A vessel employer owes all seaman who become ill or injured while in the service of the vessel the no-fault maritime obligations of maintenance and cure.

18. The vessel employer's obligation to pay maintenance and cure is the most pervasive of all the obligations owed a seaman.

19. Defendant Dann Marine was plaintiff's vessel employer.

20. Defendant Dann Marine owed a duty to pay plaintiff maintenance and cure for the injuries plaintiff incurred aboard the M/V ZEUS.

21. To the extent not paid as owed, plaintiff herein reserves the right to claims/or to bring claim for all past and future maintenance and cure to which he is entitled, all in an amount to be determined at trial.

WHEREFORE, PREMISES CONSIDERED, plaintiff prays this Court to hear his just cause of action, and that this Court require defendants to answer his just cause of action, and that he be awarded judgment against defendants as follows:

1. That plaintiff be awarded maintenance and cure as owed;

2. That plaintiff be awarded compensatory damages, both special and general, and any other damages allowable under the general maritime law and/or the Jones Act, jointly and severally against defendants in a sum in excess of One Million Dollars ($1,000,000.00), in an amount to be more fully determined at trial in this matter.

3. That plaintiff be awarded attorney's fees, prejudgment interest, post-judgment interest, costs, and any other relief in law or equity to which plaintiff is shown to be entitled.

4. That the matters raised in this Complaint be stayed pending either settlement or a final Arbitration decision.

                                  JOHNSON BEARD & TRUEB, P.C.
                                  Attorneys for Plaintiff

DATED: May 4, 2021            By: /s Lanning M. Trueb
                                  Lanning M. Trueb, WSBA No. 31389
                                  330 L Street
                                  Anchorage, AK 99501
                                  Phone: (907) 277-0161
                                  Fax: (907) 277-0164
                                  Email: Lmtrueb@msn.com

JOHNSON BEARD & TRUEB, PC
330 L STREET
ANCHORAGE, ALASKA 99501
PHONE (907) 277-0161
FAX (907) 277-0164